IN THE UNITED STATS DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMKO, INC. AND BALKAN LOGISTICS GROUP, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> JASMINA DIMITROV, <br><br> Defendant. | Case No. 1:2025-cv-05347 <br><br> Hon. Andrea R. Wood |

INITIAL STATUS REPORT

Plaintiffs EMKO, Inc. ("EMKO") and Balkan Logistics Group, Inc. ("Balkan Logistics" and, collectively with EMKO, the "Plaintiffs") and Defendant Jasmina Dimitrov ("Defendant"), through their respective undersigned counsel, hereby submit this Initial Status Report as ordered by the Court.

1.  NATURE OF THE CASE.

    A.  Attorneys.

Plaintiffs are represented by Max A. Stein and Keith M. Stolte of Maxson Mago & Macaulay LLP, with Mr. Stein serving as lead trial attorney.

Defendant is represented by Howard L. Teplinsky, Mark L. Evans, and Caitlin A. Chenus of Levin Ginsburg, with Mr. Teplinsky serving as lead trial attorney.

    B.  Status of Service.

Defendant agreed to waive service on July 2, 2025, meaning all parties have been served and Defendant's response to the Complaint is due by September 2, 2025.

**C.     Jurisdiction.**

Count I of the Complaint asserts a claim under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and so the Court has federal subject matter jurisdiction under 28 U.S.C. § 1331.

**D.     Nature of the Claims.**

This case arises from the Defendant's alleged misappropriation and misuse of Plaintiffs' trade secrets and other confidential and proprietary information as well as the Defendant's allegd civil theft and conversion of those trade secrets and confidential business and corporate records. To remedy these issues, Plaintiffs assert claims under the Federal Defend Trade Secrets Act and the Illinois Trade Secrets Act and for conversion and trespass to chattels, tortious interference with contractual relations and prospective business advantage, and intrusion upon seclusion.

Defendant disputes Plaintiffs' allegations.

**E.     Major legal and factual issues.**

Defendant is still evaluating the claims and so it is currently premature to fully identify the major legal and factual issues. The parties do, though, anticipate that the factual allegations will be disputed and that those disputes could raise further legal issues.

**F.     Relief sought.**

Plaintiffs seek (a) an order declaring that Defendant misappropriated Plaintiffs' trade secrets, tortiously interfered with EMKO's contractual relations and prospective business advantages, wrongfully converted Plaintiffs' confidential and proprietary documents, and wrongfully intruded on Plaintiffs' seclusion; (b) preliminary and/or permanent injunctions preventing Defendant from retaining, utilizing, or disclosing Plaintiffs' confidential, proprietary, and/or trade secret information and requiring Defendant to return all originals and copies of

Plaintiffs' files, data, and information; (c) an award of attorneys' fees and costs; and (d) all other actual damages, exemplary damages, and punitive damages deemed appropriate.

Defendant seeks judgment in her favor on all counts, Where appropriate, defendant will also seek costs, attorneys' fees and relief pursuant to Fed. R. Civ. P. 11.

**2.    CASE PLAN.**

    **A.    Pending Motions.**

There currently are no motions pending. Defendant may file a motion to dismiss when it responds to the Complaint, which is currently due by September 2, 2025.

    **B.    Anticipated Response to Complaint.**

Defendant is still evaluating its intended responses to the Complaint.

    **C.    Discovery Plan.**

The parties anticipate that discovery will consist of document requests and interrogatories regarding Defendant's actions, including ESI that the parties anticipate will be produced in native formats, as well as subpoenas to certain third parties. The parties currently do not anticipate seeking to take more than 10 depositions (and likely significantly less than that).

Rule 26(a)(1) Disclosures will be made on September 26, 2025.

The parties currently anticipate that written fact discovery should be completed within 120 days of Defendant's filing of an answer. The parties currently anticipate that oral fact discovery should be completed within 180 days of the close of written fact discovery.

At this time, the parties do not yet know if expert discovery will be necessary, but if it is, anticipate that it could be completed within 120 days of the completion of fact discovery.

At this time, the parties anticipate that dispositive motions could be filed within 60 days of the completion of expert discovery.

**D.      Jury Demand and Trial Length.**

Plaintiffs have demanded a jury. The parties currently estimate that the trial would likely not exceed one week.

**3.      SETTLEMENT.**

**A.      Settlement Discussions.**

Initial efforts to resolve this matter without requiring the filing of this litigation failed, necessitating the filing of the Complaint. Defendant's counsel was not engaged at that time and the parties will explore whether, with counsel now engaged, settlement might be possible. That said, this dispute is related to an ongoing divorce proceeding between the owner of Plaintiffs and Defendant, which may complicate those efforts.

**B.      Settlement Conference.**

The parties believe it is premature for a settlement conference at this time, but will revisit this question after Defendant's answer is filed.

**4.      CONSENT TO THE MAGISTRATE.**

The parties have not unanimously consented to proceeding before the assigned Magistrate Judge for all purposes.

Dated: July 29, 2025
Respectfully submitted,

| | |
|---|---|
| **PLAINTIFFS EMKO, INC. and BALKAN LOGISTICS GROUP, INC** | **JASMINA DIMITROV** |
| By:   /s/    *Max A. Stein* | By:   /s/ *Howard L. Teplinsky* |
| One of Their Attorneys | One of Her Attorneys |
| Max A. Stein (ARDC No. 6275993) | Howard L. Teplinsky (No. 6197501) |
| Keith M. Stolte (ARDC No. 6244848) | Caitlin Chenus (No.6343085) |
| MAXSON MAGO & MACAULAY LLP | LEVIN GINSBURG |
| 77 W. Wacker Drive, Suite 4500 | 180 N. LaSalle St., Suite 2750 |
| Chicago, IL 60601 | Chicago, IL 60601 |
| mstein@em3law.com | hteplinsky@levinginsburg.com |
| kstolte@em3law.com | cchenus@levinginsburg.com |