**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMKO, INC. and BALKAN LOGISTICS GROUP, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 1:25-cv-5347 |
| v. | ) ) | |
| JASMINA DIMITROV, | ) ) | |
| Defendant. | ) | |

**JASMINA DIMITROV'S RULE 12(b)(6) MOTION**
**TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT**

Defendant, JASMINA DIMITROV, by and through her attorneys, HOWARD L. TEPLINSKY and CAITLIN CHENUS of LEVIN GINSBURG, as and for her Rule 12(b)(6) Motion to Dismiss Count VI of Plaintiffs EMKO, INC., ("Emko") and BALKAN LOGISTICS GROUP, INC. ("Balkan"), (collectively "Plaintiffs")'s Complaint ("Complaint"), and in support thereof states:

**I.     INTRODUCTION**

On May 14, 2025, Plaintiffs filed their Complaint against Ms. Dimitrov, alleging a multitude of counts, including violations of the Federal and Illinois Trade Secrets Acts (Counts I-II), conversion and trespass to chattels (Count III), tortious interference with contractual relations and prospective business advantage (Counts IV-V), and intrusion upon seclusion (Count VI). Plaintiffs contend that Ms. Dimitrov misappropriated and misused Plaintiffs' trade secrets and other proprietary information, and that she used the information in her ongoing divorce proceedings with her husband, the Plaintiffs' President Nicola Dimitrov.[1]

---

[1] Jasmina Dimitrov answered Counts I-V. Jasmina also asserted an Affirmative Defense to Plaintiffs'

Plaintiffs' count for intrusion upon seclusion (Count VI) should be dismissed in its entirety because it is a privacy tort, which cannot be brought on behalf of a corporation. As such, this Court should dismiss Count VI of the Complaint.

## II.    ARGUMENT

### A.  Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert a defense by motion when the complaint fails "to state a claim upon which relief can be granted." FED.R.CIV.PRO. 12(b)6). A complaint must contain sufficient factual allegations that state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.  Plaintiffs are Corporations and Cannot Maintain Claims for Intrusion Upon Seclusion (Count VI).

Count VI of the Complaint alleges that Ms. Dimitrov accessed Emko and Balkan's "private confidential and proprietary documents" without authorization, and that this constituted an "intrusion upon Emko's and Balkan's seclusion." (Complaint, ¶¶ 106, 108.) This count should be dismissed where this Court has determined time and again that corporations cannot maintain actions for privacy torts because they do not have a personal right of privacy. See, e.g., *CNA Fin. Corp. v. Local 743 of Int'l Bhd. of Teamsters*, 1981 U.S. Dist. LEXIS 12604 *9 (N.D. Ill. Apr. 24, 1981) ("a corporation cannot maintain an action for invasion of the right to privacy,") (citing cases); see also *Oberweis Dairy, Inc. v. Democratic Cong. Campaign Comm., Inc.*, 2009 U.S. Dist. LEXIS 18514 *4 (N.D. Ill. Mar. 11, 2009) ("corporations lack standing to sue for privacy torts,") (citing cases). This Court has explained that corporations have "no personal right of privacy" and therefore "no cause of action for any of the four forms of invasion covered by §§ 652B to 652E"

---

equitable claims.  The Affirmative Defense alleges that Nicola Dimitrov is guilty of unclean hands, having brought this case for an improper purpose. Jasmina asserts that Nicola's corporations brought this case solely to obtain a perceived advantage in Jasmina's and Nicola's pending divorce proceeding.

of the *Restatement (Second) of Torts*. *Oberweis Dairy, Inc.*, 2009 U.S. Dist. LEXIS 18514 \*4 (quoting *Restatement (Second) of Torts* § 652I and cmt. c (1977)).

The tort of intrusion upon seclusion falls under § 652B of the *Restatement (Second) of Torts* and is thus one of the "four forms of invasion" that do not apply to corporations. As such, Plaintiffs lack standing to sue Ms. Dimitrov for intrusion upon seclusion and this Court should dismiss Count VI of the Complaint.

WHEREFORE, Defendant, JASMINA DIMITROV, respectfully requests that this Court dismiss Count VI of the Complaint with prejudice and award Defendant such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**JASMINA DIMITROV**

By: /s/ *Howard L. Teplinsky*
One of Her Attorneys

Howard L. Teplinsky (No. 6197501)
Caitlin Chenus (No.6343085)
LEVIN GINSBURG
180 N. LaSalle St., Suite 2750
Chicago, IL 60601
*hteplinsky@levinginsburg.com*
*cchenus@levinginsburg.com*

## CERTIFICATE OF SERVICE

       I, Howard L. Teplinsky, an attorney, hereby certified that I caused a true and correct copy of the foregoing ***Jasmina Dimitrov's Rule 12(b)(6) Motion to Dismiss Count VI of Plaintiffs' Complaint*** on all parties registered to receive notice through the court: s ECF filing system on this 11th day of September 2025.

                                                */s/ Howard L. Teplinsky*