IN THE UNITED STATS DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMKO, INC. AND BALKAN LOGISTICS GROUP, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> JASMINA DIMITROV, <br><br> Defendant. | Case No. 1:2025-cv-05347 <br><br> Hon. Andrea R. Wood <br><br> Magistrate Judge Maria Valdez |

**INITIAL STATUS REPORT**

Plaintiffs EMKO, Inc. ("EMKO") and Balkan Logistics Group, Inc. ("Balkan Logistics" and, collectively with EMKO, the "Plaintiffs") and Defendant Jasmina Dimitrov ("Defendant"), through their respective undersigned counsel, hereby submit this Initial Status Report as ordered by the Court.

1. **SUMMARY OF CLAIMS.**

This case arises from the Defendant's alleged misappropriation and misuse of Plaintiffs' trade secrets and other confidential and proprietary information as well as the Defendant's alleged civil theft and conversion of those trade secrets and confidential business and corporate records. To remedy these issues, Plaintiffs assert claims under the Federal Defend Trade Secrets Act and the Illinois Trade Secrets Act and for conversion and trespass to chattels, tortious interference with contractual relations and prospective business advantage, and intrusion upon seclusion.

Defendant disputes Plaintiffs' allegations.

2. **RELIEF SOUGHT.**

Plaintiffs seek (a) an order declaring that Defendant misappropriated Plaintiffs' trade secrets, tortiously interfered with EMKO's contractual relations and prospective business

advantages, wrongfully converted Plaintiffs' confidential and proprietary documents, and wrongfully intruded on Plaintiffs' seclusion; (b) preliminary and/or permanent injunctions preventing Defendant from retaining, utilizing, or disclosing Plaintiffs' confidential, proprietary, and/or trade secret information and requiring Defendant to return all originals and copies of Plaintiffs' files, data, and information; (c) an award of attorneys' fees and costs; and (d) all other actual damages, exemplary damages, and punitive damages deemed appropriate.

Defendant seeks judgment in her favor on all counts. Where appropriate, Defendant will also seek costs, attorneys' fees and relief pursuant to Fed. R. Civ. P. 11.

**3.     REFERRAL.**

As set forth in Document Number 21, this matter has been referred for discovery supervision and settlement conference.

**4.     PENDING MOTIONS.**

There currently are no motions pending.

**5.     DISCOVERY MATTERS.**

The parties have completed Rule 26(a)(1) disclosures, served written discovery, and Defendant has responded and produced documents. Plaintiffs are in the process of completing their responses, but have been delayed due to unexpected events. Plaintiffs have requested and Defendant has courteously agreed to allow Plaintiffs until December 24, 2025 to complete their written responses and produce the requested documents. The parties will then follow up and address any issues with the respective responses. There may yet be subpoenas to certain third parties for additional written materials. While the parties initially anticipated that written fact discovery should be completed, 120 days from the filing of Defendant's answer, which would have been April 11, 2026, they now believe that it should be completed by January 30, 2026.

No depositions have been taken yet and the parties currently do not anticipate seeking to take more than 10 depositions (and likely significantly less than that). The parties currently anticipate that oral fact discovery should be completed by May 29, 2026, roughly 120 days from the close of written fact discovery.

At this time, the parties do not yet know if expert discovery will be necessary, but if it is, anticipate that it could be completed by September 25, 2026, roughly 120 days after the completion of oral fact discovery.

At this time, the parties anticipate that dispositive motions could be filed roughly 60 days after completion of expert discovery, or by November 20, 2026.

**6.  CONSENT.**

The parties have not consented to a trial before a magistrate judge.

**7.  EXISTING DEADLINES.**

The district court has not set any deadlines for discovery cut-off, submission of pretrial order, or trial. As requested, the parties have attached a completed Rule 16(b) scheduling order.

**8.  STATUS OF SETTLEMENT DISCUSSIONS.**

Initial efforts to resolve this matter without requiring the filing of this litigation failed, necessitating the filing of the Complaint. Defendant's counsel was not engaged at that time and the parties will explore whether, with counsel now engaged, settlement might be possible. That said, this dispute is related to an ongoing divorce proceeding between the owner of Plaintiffs and Defendant, which may complicate those efforts.

Dated: December 19, 2025  Respectfully submitted,

**PLAINTIFFS EMKO, INC. and**  **JASMINA DIMITROV**
**BALKAN LOGISTICS GROUP, INC.**

By: /s/ *Max A. Stein*  By: /s/ *Howard L. Teplinsky*
    One of its attorneys      One of her attorneys

Max A. Stein (ARDC No. 6275993)  Howard L. Teplinsky (No. 6197501)
Keith M. Stolte (ARDC No. 6244848)  Caitlin Chenus (No. 6343085)
MAXSON MAGO & MACAULAY LLP  LEVIN GINSBURG
77 W. Wacker Drive, Suite 4500  180 N. LaSalle St., Suite 2750
Chicago, IL 60601  Chicago, IL 60601
mstein@em3law.com  hteplinsky@levinginsburg.com
kstolte@em3law.com  cchenus@levinginsburg.com

IN THE UNITED STATS DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMKO, INC. AND BALKAN LOGISTICS GROUP, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> JASMINA DIMITROV, <br><br> Defendant. | Case No. 1:2025-cv-05347 <br><br> Hon. Andrea R. Wood <br><br> Magistrate Judge Maria Valdez |

**PROPOSED SCHEDULING ORDER**

**1.  PRE-DISCOVERY CONFERENCE AND DISCLOSURES.**

A.  The parties advise the Court that they **HAVE** had a conference pursuant to Rule 26(f). The parties affirm their understanding of the requirements under Rule 26(f) to include the requirements to discuss any discovery issues about electronically stored information (ESI) that may pertain to this case.

B.  The parties advise the Court that initial disclosures **HAVE** been made pursuant to Rule 26(a)(1).

**2.  DISCOVERY.**

The following time limits and deadlines shall be applicable:

A.  Any amendments to pleadings or actions to join other parties shall be filed on or before January 31, 2026.

B.  All written discovery shall be propounded before the close of fact discovery, unless the requesting party has obtained prior leave of court.

C.  The cutoff of fact discovery is May 29, 2026.

D.  Any party with the burden of proof shall disclose its expert testimony pursuant to Rule 26(a)(2) on or before June 26, 2026.

E.  The parties may depose the other side's expert disclosed pursuant to Rule 26(a)(2) at any time prior to July 24, 2026.

F.  The parties shall disclose any rebuttal expert at any time prior to August 21, 2026.

    G.    The parties shall have until September 18, 2026 to depose the opposing party's rebuttal expert.

3. **PROSPECTS OF SETTLEMENT.**

A.    The parties report that Initial efforts to resolve this matter without requiring the filing of this litigation failed, necessitating the filing of the Complaint. Defendant's counsel was not engaged at that time and the parties will explore whether, with counsel now engaged, settlement might be possible.

B.    The parties further report that this dispute is related to an ongoing divorce proceeding between the owner of Plaintiffs and Defendant, which may complicate those efforts and so they do not believe that a settlement conference would be useful at this time.

**ENTERED:**

Dated: _____

Hon. Maria Valdez
United States Magistrate Judge