**IN THE UNITED STATS DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EMKO, INC. AND BALKAN LOGISTICS GROUP, INC., | ) ) | |
| PLAINTIFFS, | ) ) ) | Case No. 1:2025-cv-05347 |
| v. | ) ) | Hon. Andrea R. Wood |
| JASMINA DIMITROV, | ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) ) | |

**AGREED PROTECTIVE ORDER**

The parties to this Agreed Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Scope.** All materials produced or adduced in the course of discovery, including information derived from subpoenas, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois and other relevant and binding federal, State and local authority on matters of procedure and calculation of time periods.

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the Designating Party (as defined below) that, unless designated as Highly Confidential Information, falls within one or more of the following categories:

a. information constituting or potentially/allegedly constituting biometric information or biometric identifiers, as defined by the Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA") and information prohibited from transfer or disclosure by statute;

b. information that reveals trade secrets;

c. research, technical, commercial or financial information that the Designating Party has maintained as confidential;

d. medical information concerning any individual;

e. personal identity information, including the names, addresses, birth dates, or other identifying information of any current or former employees who may be putative class members or whom are not parties to this action;

f. income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

g. personnel or employment records or information of a person who may be a party to this action;

h. policies, procedures, or practices maintained as confidential; and

i. insurance information and insurance related documents maintained as confidential.

Information or documents that are available to the public may not be designated as Confidential Information. As used in this Order, "Designating Party" means any person (including third parties) that produces documents or provides information for use in this Action during the course of this litigation ("Producing Party") and invokes the terms of this Order by designating information or documents pursuant to Paragraphs 3, 4 and 5 below.

3.    **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the Producing Party subject to good faith negotiations by the parties regarding the proposed designation, as further described in Paragraph 4. Highly Confidential Information must meet the definition of "Confidential Information" and the producing party must reasonably believe it to be:

a.    information reflecting product design or development, non-public technical research,

b.    pricing and business strategy documents concerning a particular product or line of products,

c.    non-public scientific research;

4.    **Designation.**

a.    A party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists

of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b. If a party or non-party seeks to designate a document as Highly Confidential Information, the parties shall negotiate in good faith regarding the request. Regardless of the outcome of the negotiations, the document(s) will be maintained as restricted as if it were Highly Confidential Information by the receiving party until the parties either agree on a designation or the Court decides any challenge made. If the parties are in agreement, a party or non-party may designate a document as Highly Confidential Information for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Highly Confidential Information are not required to be marked.

4

c.    If a party seeks to limit those who can view Highly Confidential Information produced further than the limitations provided in Paragraph 6.b. below, that party may so request and the parties will negotiate in good faith. Regardless of the outcome, the receiving party will maintain the Highly Confidential Information as restricted by the Designating Party until the parties either agree or the Court decides any challenge made.

d.    In the event the parties ultimately disagree regarding designating materials as Highly Confidential Information and/or as to whom such materials may be disclosed, the parties are to follow the challenge provisions of Paragraph 11.

e.    The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney to this action that the document contains Confidential Information or Highly Confidential Information as defined in this order.

5.    **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information or Highly Confidential Information (as applicable) until the expiration of the following: No later than the fourteenth (14) day after the transcript is delivered to any party or the witness, or such other date otherwise agreed to by the parties, provided all parties have been informed of such, and in no event later than 60 days after the testimony was given, again, provided all parties have been informed the deposition transcript has been prepared and provided to a party or the witness. To be clear, these time limits will not begin to run unless and until all parties have received notice that a deposition transcript has been prepared and provided to a party or the witness. Within this time period, once begun, a party may (i) serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be

protected by the terms of this Order, and/or (ii) serve a Notice of Designation to all parties of record as to specific portions of the testimony that are proposed to be designated as Highly Confidential Information. Thereafter, the parties shall negotiate regarding the request and proposed designation in good faith. Should the parties agree, the designation will be made and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Regardless of if the parties agree, the transcript portions identified will be treated like Highly Confidential Information until the parties agree or a party seeks relief from the Court. A request for such relief shall be governed under Paragraph 11 below. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court or otherwise agreed upon by the parties.

6. **Protection of Confidential Material.**

a. Confidential Information and Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. As stated above, the parties maintain the right to request further restrictions as to Highly Confidential Information, but they must negotiate over any proposed restrictions in good faith.

b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information or Highly Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements or unless otherwise stated, the following categories of persons may be allowed to review Confidential Information and Highly Confidential Information:

(i) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

(ii) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(iii) **The Court and its personnel**;

(iv) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(v) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(vii) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information or Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in

connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information or Highly Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(viii) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(ix) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

c. **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential Information.

7. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony unless otherwise agreed by the parties. If the Designating Party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No

party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

8.     **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with all applicable local rules and any other relevant requirements set forth in the Court's rules or other binding authority, as applicable.

9.     **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10.     **Non-Waiver "Clawback" Provisions.**

a.     The production of Confidential Information, Highly Confidential Information, other materials confidential under applicable authority, privileged or work-product protected documents, electronically stored information ("ESI") or information, including witness testimony, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state or other legal proceeding. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

9

b. Confidential Information, Highly Confidential Information, other materials deemed confidential under applicable authority, and documents and communications that are protected by the attorney-client privilege and work-product protected documents and information, including copies thereof, may be so designated subsequent to production should either party fail to make such designation at the time of production, either inadvertently or otherwise. If discovery material is designated as attorney-client privileged or subject to the work-product doctrine subsequent to production, the parties shall promptly make all reasonable and good faith efforts to collect any copies that have been provided to individuals other than those identified in paragraph 6(b)(i)-(ix) (in the case of Confidential Information). If discovery material that is attorney-client privileged or subject to the work-product doctrine is identified subsequent to production, the party receiving such material shall promptly return the material or certify that it has been destroyed. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of attorney-client privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information, and cease using any work product containing the information, and shall inform the producing party of the information. A Producing Party must give written notice to any receiving party asserting a claim of attorney-client privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or

10

any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request, if necessary.

11. **Challenges by a Party to Designation as Confidential Information.** The designation of any material, information or document as Confidential Information or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

a. **Meet and Confer.** As a preliminary matter, with respect to materials which a party seeks to designate in good faith as Highly Confidential Information, the parties shall always confer in good faith before such designation is final, regardless of if a party has or has not objected. Further, a party formally challenging the designation of Confidential Information or Highly Confidential Information must do so in good faith and must first confer directly with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not or would not be proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days unless the parties otherwise agree to an alternative time frame.

b. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the

11

materials as Confidential Information or Highly Confidential Information under the terms of this Order.

12. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make decisions concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the Designating Party, in writing, immediately and in no event more than seven (7) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information or Highly Confidential Information by the other party to this case.

15.     **Obligations on Conclusion of Litigation.**

a.      **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.      **Obligations at Conclusion of Litigation.** Within sixty days after the conclusion of this litigation, including appeals, all parties, their attorneys, insurance companies, and any person or entity in possession of Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), shall be returned to the Producing Party unless upon written request within 10 business days unless: (1) the document has been offered into evidence or filed

13

without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. The parties agree that the receiving party shall destroy documents containing Confidential Information or Highly Confidential Information in accordance with their respective firm's document destruction policy and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to emails) that may include Confidential Information or Highly Confidential Information, or Confidential Information or Highly Confidential Information contained in deposition transcripts, exhibits, or drafts or final expert reports. However, the provisions regarding the protection and non-disclosure of Confidential Information and Highly Confidential Information in this Order shall remain in effect as to all Confidential Information and Highly Confidential Information, including that retained by counsel in emails as just described, until such Confidential Information or Highly Confidential Information is destroyed.

c.      **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel for each party may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those marked as Confidential Information or Highly Confidential Information. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order.

14

An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure or the Local Rules of the District Court or otherwise until such time as the Court may rule on a specific document or issue.

18. **Authorized Disclosure Under BIPA.** The limited disclosure and transfer of Confidential Information or Highly Confidential Information constituting or potentially constituting biometric information or biometric identifiers, as defined by BIPA, 740 ILCS 14/10, is permitted under this Order pursuant to 740 ILCS 14/25(a), if done solely for purposes of this litigation and in compliance with the terms of this Order.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

20. **No waiver.** Nothing in this Order shall be construed to entitle the undersigned to obtain any document, thing, or information from the other party. Moreover, this Order shall not be deemed to waive any claim of attorney-client privilege, attorney work-product protection or any other objection that might exist with respect to any documents or communications, written or oral.

*So Ordered.*

ENTERED:

_____
Judge

_____
Date


WE SO MOVE and agree to abide
by the terms of this Order:

WE SO MOVE and agree to abide by
the terms of this Order:


**PLAINTIFFS EMKO, INC. and
BALKAN LOGISTICS GROUP, INC.**

**DEFENDANT JASMINA DIMITROV**


By: ___/s/ *Max A. Stein*_____
      One of their attorneys

By: ___/s/ *Caitlin Chenus*_____
      One of her attorneys


Max A. Stein (ARDC No. 6275993)
Keith M. Stolte (ARDC No. 6244848)
MAXSON MAGO & MACAULAY LLP
77 W. Wacker Drive, Suite 4500
Chicago, IL 60601
mstein@em3law.com
kstolte@em3law.com

Howard L. Teplinsky (No. 6197501)
Caitlin Chenus (No. 6343085)
LEVIN GINSBURG
180 N. LaSalle St., Suite 2750
Chicago, IL 60601
hteplinsky@levinginsburg.com
cchenus@levinginsburg.com

16

**ATTACHMENT A**

**IN THE UNITED STATS DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EMKO, INC. AND BALKAN LOGISTICS GROUP, INC., <br><br> PLAINTIFFS, <br><br> v. <br><br> JASMINA DIMITROV, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 1:2025-cv-05347 <br><br> Hon. Andrea R. Wood |

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, understands the

terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of

the United States District Court for the Northern District of Illinois in matters relating to the

Protective Order and understands that the terms of the Protective Order obligate him/her to use

materials designated as Confidential Information and/or Highly Confidential Information in

accordance with the Order solely for the purposes of the above-captioned action, and not to

disclose any such Confidential Information and/or Highly Confidential Information to any other

person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Title: _____

17

Employer: _____

Address: _____

Date: _____     _____
                                   Signature